No. 23-13649-HH

# In the
# United States Court of Appeals
# for the Eleventh Circuit

TIMOTHY BURKE,
*Movant-Appellant,*

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 8:23-MC-14-WFJ-SPF

## UNITED STATES' MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION AND TO STAY BRIEFING SCHEDULE

ROGER B. HANDBERG
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

HOLLY L. GERSHOW
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 98960
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

February 26, 2024

*Timothy Burke v. United States of America*
No. 23-13649-HH

# Certificate of Interested Persons
# and Corporate Disclosure Statement

The following persons and entities have an interest in the outcome of this case:

1. American Civil Liberties Union, amicus curiae;

2. American Civil Liberties Union of Florida, amicus curiae;

3. Brown, Bruce D., Esq.;

4. Burke, Timothy, movant-appellant;

5. Florida First Amendment Foundation, amicus curiae;

6. Flynn, Hon. Sean P., United States Magistrate Judge;

7. Foundation for Individual Rights and Expression, amicus curiae;

8. Gershow, Holly L., Assistant United States Attorney, Deputy Chief, Appellate Division;

9. Granick, Jennifer, Esq.;

10. Handberg, Roger B., United States Attorney;

11. Jung, Hon. William F., United States District Judge;

12. LoCicero, Carol J., Esq.;

13. Maddux, Michael P., Esq.;

14. National Press Club, amicus curiae;

15. National Press Club Journalism Institute, amicus curiae;

16. Philipson, Jon M., Esq.;

17. Rasch, Mark D., Esq.;

18. Reporters Committee for Freedom of the Press, amicus curiae;

19. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

20. Tilley, Daniel Boaz, Esq.; and

21. Trezevant, Jay G., Assistant United States Attorney.

No publicly traded company or corporation has an interest in the outcome of this appeal.

# In the United States Court of Appeals for the Eleventh Circuit

TIMOTHY BURKE,
    *Movant-Appellant*,

v.                                                                          No. 23-13649-HH

UNITED STATES OF AMERICA,
    *Defendant-Appellee*

## United States' Motion to Dismiss for Lack of Jurisdiction and to Stay Briefing Schedule

The United States moves to dismiss this appeal for lack of jurisdiction because the order denying Timothy Burke's pre-indictment motion for return of property is not yet appealable and because the appeal is now moot to the extent that it seeks to unseal the search-warrant affidavit. But if this Court denies this motion, the United States requests 30 days from the denial within which to file its response brief.

## Course of Proceedings

As part of an investigation into violations of 18 U.S.C. §§ 1030 and 2511, the United States obtained a search warrant authorizing the United States to search Burke's residence and seize all evidence relating to those violations involving Burke and occurring after August 1, 2022. Doc. 18-1 at 2–11 (warrant and attachments). Under that search warrant, the United States

seized various computers and other electronic storage devices. *See* Doc. 18-1 at 28–29 (evidence-collected log).

Burke moved the court under Fed. R. Crim. P. 41(g) to unseal the search-warrant affidavit and to order the "immediate return of the contents of his newsroom, including computers, mobile telephones, serves, hard drives, any other electronic devices, and any an all information and data copied, reproduced or retained therefrom that was seized from him." Doc. 25 at 1. Burke argued that the seizure of his "newsroom" violated the First and Fourth Amendment because he had committed no crime. *See* Doc. 25 at 10, 15–20. He claimed that "in this case, there was no 'hacking' and no unlawful 'interception'" and therefore he was entitled to "[i]mmediate return of all the seized items *and all copies* thereof." *Id*. at 1–2 (emphasis added).

The United States opposed that motion, arguing that Burke had not shown that the factors outlined in *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975)—particularly the "callous disregard" factor—supported the district court's exercising equitable jurisdiction. The United States explained that it had obtained a warrant to seize the property at issue and had complied with all aspects of its own Privacy Protection Act policy and its News Media Policy during the investigation. Doc. 33 at 13, 19–25. And it explained that it had implemented a filter protocol to protect any applicable privileges. *Id*. at 23.

Burke waived his reply. Doc. 34.

The magistrate judge declined to exercise equitable jurisdiction and denied Burke's motion because none of *Richey* factors weighed in Burke's favor. Doc. 35 at 9–16. But the magistrate judge did so without prejudice, noting: "While the Government is entitled to a reasonable amount of time to review the seized materials, the time afforded to the Government is not unlimited. The Court recognizes that at some point not yet reached, the delay may become unreasonable and constitute 'callous disregard' of Burke's rights." *Id*. at 16. The magistrate judge therefore ordered that the United States provide a proposed schedule for the return of Burke's property that it determined was not within the scope of the warrant, *id*. at 17, which the United States did, Doc. 37.

Burke objected. Doc. 39. The United States responded, Doc. 40, and the district court overruled Burke's objections, Doc. 41. Burke filed his notice of appeal on November 2, 2023. Doc. 43. By November 9, 2023, the United States had returned to Burke all of his property except what it has deemed to be contraband. *See* Docs. 47, 47-1.

On February 15, 2024, a grand jury in the Middle District of Florida returned a fourteen-count indictment charging Burke with conspiracy to violate and substantive violations of 18 U.S.C. §§ 1030 and 2511. *United States v.*

3

*Timothy Burke*, Case No. 8:24-cr-0068 ("*Burke*") Doc. 1. The indictment alleges that Burke and a coconspirator secured and used compromised credentials—usernames and passwords—to gain unauthorized access to protected computers owned or used by the victim entities, the "National Sports League" and "StreamCo," and stole information from those entities' computers. *Id.* The indictment also alleges that Burke and his coconspirator used the compromised credentials to access a website that allowed StreamCo's broadcaster-customers to record and transmit high-resolution encoded content and communications over the internet, stole StreamCo's proprietary information from that website, and then used that stolen proprietary information to intercept, download, and save the StreamCo broadcaster-customers' streams. *Id.*

Burke was arrested and had his initial appearance on February 22, 2024. *Burke*, Doc. 9. The same day, the United States moved to unseal for Burke (but not for the public) a lightly redacted version of the search-warrant affidavit, Doc. 53, and the magistrate judge granted that motion, Doc. 54. The redacted information is an IPv6 address and the home addresses of two individuals. Doc. 53 ¶ 10; *see also* Sealed Doc. 55.

## Argument

This Court lacks jurisdiction over this appeal because the order denying Burke's Rule 41(g) motion is not yet appealable. In *DiBella v. United States*, 369

U.S. 121, 31–32 (1962), the Supreme Court held that the denial of a motion for return of property is appealable "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant." This Court has interpreted *DiBella* to mean that, "unless the motion is in no way tied to an ongoing criminal prosecution, an order denying the return of property is considered to be merely a step in the criminal case preliminary to the trial and is an interlocutory non-appealable order." *Matter of Grand Jury Proc.* ("*Berry*"), 730 F.2d 716, 717 (11th Cir. 1984).

In *Berry*, this Court held that it lacked jurisdiction to review an order denying a pretrial motion for return of property because the motion "attack[ed] the validity of the search and seizure under the fourth amendment." *Id*. at 718. This Court explained, "The motion goes to great length to detail the alleged unlawfulness of the search and seizure. It is thus clear that the motion is tied to the ongoing criminal investigation and to issues that may be litigated in any subsequent criminal proceedings arising out of the seizure." *Id*. This Court concluded, "Because the appellants' motion for return of property is in some way tied to a criminal prosecution against them, the denial of appellants' motion is not a final order." *Id*.

As in *Berry*, Burke's motion for return of property rests on the alleged unlawfulness of the search and seizure. Burke argues at length that his actions

5

did not constitute a violation of 18 U.S.C. §§ 1030 and 2511 and that therefore the United States unlawfully seized his property. *See* Doc. 25 at 9–20; *see also id*. at 1–2 ("[I]n this case, there was no 'hacking' and there was no unlawful 'interception.' Mr. Burke simply obtained public information, and reported on a matter of public concern."); *id*. at 3–4 (Burke's explanation of how he accessed the information). And although Burke also challenges the seizure and retention of his property on First Amendment grounds, he acknowledges that the United States could seize and retain any material that he had obtained illegally. *See id*. at 11–12. In other words, Burke's motion is inextricably intertwined with the ultimate issue of the criminal investigation and now indictment—whether he committed a crime. As a result, it is "'merely a step in the criminal case preliminary to trial' and as such is a nonappealable interlocutory order." *In re Grand Jury Proc.*, 831 F.2d 222, 224 (11th Cir. 1987) (citing *Berry*, 730 F.2d at 717).

Because Burke's motion attacked the validity of the search and seizure of the materials, his reliance on *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means* ("*Korf*"), 11 F.4th 1235 (11th Cir. 2021), is misplaced. In that case, the intervenor's Rule 41(g) motion "in no way attacked the validity of the search and seizure of the materials." *Id*. at 1246. Instead, the intervenors "sought equitable relief in the form of an

injunction in a civil case to prohibit the government from reviewing seized materials until a protocol protective of the attorney-client privilege was ordered." *Id*. And, in *Korf*, this Court contrasted "challenges to the validity of the search," emphasizing that, "under *Berry*, they *would* be tied to an ongoing criminal prosecution." *Id*. at n.7. Thus, *Korf* shows that this Court lacks jurisdiction here, where Burke is challenging not only the validity of a search warrant tied to his ongoing prosecution but also the validity of the entire prosecution.

In sum, Burke's basis for the return of his property is that he committed no crime. That is directly tied to the criminal prosecution against him. And certainly it is not *in no way tied* to it. As a result, under *DiBella*, this Court lacks jurisdiction over the district court's order denying Burke's motion for return of property.

But even if this Court had jurisdiction over the district court's order, the appeal is moot to the extent that it seeks to unseal the search-warrant affidavit. Thus, this Court should dismiss, or partially dismiss, Burke's appeal on that basis, too.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting U.S. Const. art. III, § 2). "The

7

doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar,* 273 F.3d at 1335 (citation omitted). A "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab.,* 225 F.3d 1208, 1217 (11th Cir. 2000) (citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the … appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar,* 273 F.3d at 1336; *see also United States v. Sec'y, Fla. Dep't of Corr.,* 778 F.3d 1223, 1228 (11th Cir. 2015) ("An appeal is moot 'when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.'"). "Indeed, dismissal is required because mootness is jurisdictional." *Al Najjar,* 273 F.3d at 1336.

In his appeal, Burke asks that this Court order the district court to (a) unseal the affidavit and (b) hold an evidentiary hearing under Rule 41(g). Burke's brief at 30. But the magistrate judge has since unsealed the search-warrant affidavit, aside from the redaction of an IPv6 address and the home

8

addresses of two individuals. That redacted information does not pertain to the information Burke states that he needs to fully litigate his Rule 41(g) motion. *See* Burke's brief at 25–26. Thus, the appeal is moot with regard to Burke's request to have the search-warrant application unsealed. And to the extent that Burke still believes he has a right to the return of the property after reviewing the search-warrant application, he can file a renewed Rule 41(g) motion.

## Conclusion

For these reasons, this Court should dismiss this appeal for lack of jurisdiction. But if this Court denies this motion, the United States requests 30 days from the denial within which to file its response brief.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

By:  *s/ Holly L. Gershow*
HOLLY L. GERSHOW
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 98960
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
holly.gershow@usdoj.gov

**Certificate of Compliance with Type-Volume Limitation**

This motion, which contains 1930 countable words, complies with Fed. R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

## Certificate of Service

I certify that a copy of this motion and the notice of electronic filing was sent by CM/ECF on February 26, 2024, to all counsel of record.

*s/ Holly L. Gershow*
HOLLY L. GERSHOW
Assistant United States Attorney