No. 23-13649-HH

In the
United States Court of Appeals
for the Eleventh Circuit

TIMOTHY BURKE,
*Movant-Appellant,*

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 8:23-MC-14-WFJ-SPF

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION AND TO STAY BRIEFING SCHEDULE**

ROGER B. HANDBERG
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

HOLLY L. GERSHOW
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 98960
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

March 13, 2024

*Timothy Burke v. United States of America*
No. 23-13649-HH

## Certificate of Interested Persons
## and Corporate Disclosure Statement

The following persons and entities have an interest in the outcome of this case:

1. American Civil Liberties Union, amicus curiae;

2. American Civil Liberties Union of Florida, amicus curiae;

3. Brown, Bruce D., Esq.;

4. Burke, Timothy, movant-appellant;

5. Florida First Amendment Foundation, amicus curiae;

6. Flynn, Hon. Sean P., United States Magistrate Judge;

7. Foundation for Individual Rights and Expression, amicus curiae;

8. Gershow, Holly L., Assistant United States Attorney, Deputy Chief, Appellate Division;

9. Granick, Jennifer, Esq.

10. Handberg, Roger B., United States Attorney;

11. Jung, Hon. William F., United States District Judge;

12. LoCicero, Carol J., Esq.;

13. Maddux, Michael P., Esq.;

14. National Press Club, amicus curiae;

15. National Press Club Journalism Institute, amicus curiae;

*Timothy Burke v. United States of America*
No. 23-13649-HH

16. Philipson, Jon M., Esq.;

17. Rasch, Mark D., Esq.;

18. Reporters Committee for Freedom of the Press, amicus curiae;

19. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

20. Tilley, Daniel Boaz, Esq.; and

21. Trezevant, Jay G., Assistant United States Attorney.

No publicly traded company or corporation has an interest in the outcome of this appeal.

# In the United States Court of Appeals for the Eleventh Circuit

---

TIMOTHY BURKE,
    *Movant-Appellant*,

v.                                      No. 23-13649-HH

UNITED STATES OF AMERICA,
    *Defendant-Appellee*

---

## United States' Reply in Support of Motion to Dismiss for Lack of Jurisdiction and to Stay Briefing Schedule

Timothy Burke's response focuses mainly on the purported merits of his appeal based in large part on information that was not before the district court. Because the only issue before this Court is its jurisdiction, we do not respond to Burke's merits arguments or his spurious accusations of misconduct. And Burke's arguments addressing this Court's jurisdiction fail to establish that this Court has jurisdiction here.

First, Burke's assertion that his request to unseal the search-warrant affidavit is not moot directly contradicts the arguments he made to the district court. In the district court, Burke contended that access to the affidavit was "essential to determine the validity of the application for and issuance of the search warrant." Doc. 25 at 12. Burke asserted that he was "at a disadvantage when seeking the remedy of return of illegally seized property because he [was]

unable to know the justification used by the government to conduct the search." *Id*. He noted that he had "requested the sworn affidavit and been rebuffed" and argued that, as a result, he did not know the United States's "theory of the crime alleged" and did not know what the magistrate judge had been told. *Id*. He reiterated that "his access to the affidavit is essential to challenge whether the government even was permitted to seek, much less the Magistrate had authority to issue, this warrant." *Id.* at 13. In other words, Burke sought not the general unsealing of the search-warrant affidavit but to be provided with a copy—given "access"—so that he could use it to challenge the search and seizure of his property. (Indeed, the preamble of his motion contains no independent request for the unsealing of the affidavit. *Id.* at 1–2.) He now has that affidavit. And, as his response at pages five through nine demonstrates, he is now able to litigate whether the United States was justified in seeking—and the magistrate judge in issuing—the search warrant. Thus, the request Burke made to the district court regarding the search warrant is moot because Burke got what he asked for, and so there is no further relief for this Court to provide.

      Still, in response Burke asserts that the appeal is not moot with respect to the search-warrant affidavit because other people—and specifically Times Publishing—cannot access it and because any documents he files that refer to it

2

must be filed under seal. Burke's response at 2–3. But that is exactly what Burke himself invited the district court to do: "If the Court does not wish to make the affidavit public, the Court could provide a copy thereof to Mr. Burke and/or his counsel under seal, with directions that any subsequent filings referencing the affidavit similarly be either redacted in part or filed under seal … ." Doc. 25 at 15 n.30.

Because Burke has obtained that requested relief, any challenge directed to the affidavit is moot; "this Court cannot be called upon to decide arguments after events have put them to rest." *Troy State Univ. v. Dickey*, 402 F.2d 515, 516 (5th Cir. 1968) (citation and internal quotation marks omitted). On appeal, Burke cannot avoid mootness by changing the relief he requested in district court. That's so even if he would now prefer to litigate his claims through the press, *see* Burke's response at 3, rather than in court, via a renewed motion for return of property, a motion to suppress, or a motion to dismiss the indictment.

In any event, Burke has failed to establish that the order denying his Rule 41(g) motion is an immediately appealable order under *DiBella*. Burke relies on *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means* (*Korf*), 11 F.4th 1235 (11th Cir. 2021). Burke's response at 11–12. But that case meaningfully differs from this case. In that case, this Court could decide the issue on appeal—"whether the use of a government

3

filter team to review seized materials that are claimed to be privileged necessarily violates the privilege holder's rights," *Korf*, 11 F.4th at 1238—without having to resolve the merits of the seizure, *see id.* at 1246. Thus, those privilege claims were "sufficiently independent from any forthcoming criminal judgment to pass the *DiBella* test." *Id.* at 1245.

That's not the case here. Instead, Burke's motion for return of property is intertwined with the entire criminal case. He argues that the United States could not seize, and cannot keep him from publishing, material that he did not illegally obtain. *See* Doc. 25 at 11–12; *see also* Burke's brief at 17– 21. As he asserts in his preamble, "[I]n this case, there was no 'hacking' and there was no unlawful 'interception.' Mr. Burke simply obtained public information, and reported on a matter of public concern." Doc. 25 at 1–2. But whether he illegally obtained the material is the heart of the criminal prosecution. *See United States v. Timothy Burke*, Case No. 8:24-cr-0068 ("*Burke*") Doc. 1. Thus, unlike in *Korf*, Burke's Rule 41(g) motion is not "fairly severable from the context of a larger litigious process," as required. *See DiBella.*, 369 U.S. at 127.

Burke also contends that, under *Korf*, "the *Di Bella* test applies only where the remedy sought in the related criminal case is the same as the remedy sought in the Rule 41 action." Burke's response at 11–12. Not so. Although *Korf* does note that the interveners did not seek to suppress the seized material,

4

that was just one factor this Court considered in determining whether the motion was tied to an ongoing criminal prosecution. Here, as explained in our motion to dismiss the appeal, Burke's Rule 41(g) motion is tied to the ongoing criminal prosecution because it challenges the validity of the search warrant and the United States' overall theory of prosecution, no matter if the motion seeks to suppress evidence. *See* United States's motion at 5–6. Thus, although Burke connects his claim to his First Amendment rights in addition to his Fourth Amendment rights, that does not change that his motion is tied to an ongoing criminal prosecution.

And, in any event, in his motion Burke demanded the immediate return of all seized properties and all copies, Doc. 25 at 1–2, and therefore effectively sought the suppression of evidence. *See In re Grand Jury*, 635 F.3d 101, 104 (3d Cir. 2011) (motion sought not just the equitable return of property but also the suppression of evidence because the motion requested any copies of the seized documents). And even if he has walked back his request on appeal, Burke cannot reasonably claim that, if his motion for return of property were granted on the ground that the search and seizure callously disregarded his constitutional rights, he would not use that finding to demand the suppression of evidence in his criminal case. As a result, Burke's motion seeks the suppression of evidence, either directly or indirectly, by challenging the

5

validity of the search.

## Conclusion

Because Burke's motion attacks the validity of the search warrant and the theory of prosecution based on his assertion that he committed no crime, *Korf* does not govern here. And, as explained in our motion, under *DiBella* and this Court's precedent interpreting *DiBella*, this Court lacks jurisdiction to review the denial of Burke's Rule 41(g) motion because that motion is tied to Burke's criminal prosecution. As a result, this Court should dismiss this appeal for lack of jurisdiction. But if this Court denies this motion, the United States requests 30 days from the denial within which to file its response brief.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

By:   *s/ Holly L. Gershow*
HOLLY L. GERSHOW
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 98960
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
holly.gershow@usdoj.gov

**Certificate of Compliance with Type-Volume Limitation**

This motion, which contains 1285 countable words, complies with Fed. R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

## Certificate of Service

I certify that a copy of this reply and the notice of electronic filing was sent by CM/ECF on March 13, 2024, to all counsel of record.

<i><u>s/ Holly L. Gershow</u></i><br>
HOLLY L. GERSHOW<br>
Assistant United States Attorney