[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13649

Non-Argument Calendar

_____

TIMOTHY BURKE,

                        Movant-Appellant,

*versus*

UNITED STATES OF AMERICA,

                        Intervenor Defendant- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-mc-00014-WFJ-SPF

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal for lack of jurisdiction is GRANTED. Timothy Burke appeals the denial of his motion to unseal the search warrant affidavit associated with the seizure of his records and for return of his property under Fed. R. Crim. P. 41(g). Relating to the return of his property, the government argues that the court's order is not yet appealable because it is tied to an ongoing criminal prosecution. Relating to the unsealing of the search warrant affidavit, the government argues that the appeal is moot because the magistrate judge has since unsealed the affidavit with minor redactions.

In order for a ruling on a preindictment motion to be immediately appealable, it must be independent from the judgment. *DiBella v. United States*, 369 U.S. 121, 122-23, 126 (1962). It must be "fairly severable from the context of a larger litigious process." *Id.* at 127 (quotation marks omitted). "Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." *Id.* at 131-32.

A pending criminal investigation, even in the absence of a formal charge, may be enough to show that the motion is tied to a criminal prosecution. *In re Sealed Search Warrant and Application for a Warrant by Tel. or Other Reliable Elec. Means ("Korf")*, 11 F.4th 1235, 1246 (11th Cir. 2021). Also relevant is the purpose of the motion

and whether it seeks to attack the validity of the search and seizure. *Id.*; *Matter of Grand Jury Proceedings ("Berry")*, 730 F.2d 716, 717 (11th Cir. 1984).

Here, there were ongoing criminal proceedings at the time Burke filed his motion, given that materials were seized from his residence pursuant to a search warrant and an indictment subsequently was returned against him based on the seized materials. *See Korf*, 11 F.4th at 1246. Furthermore, Burke's motion attacked the constitutionality of the seizure. He argued that the property was wrongfully seized because he did not commit a crime, explaining that the government fundamentally misinterpreted 18 U.S.C. §§ 1030 and 2511, the statutes which he was ultimately charged with violating in the indictment. Although he argues that he was not seeking to suppress evidence, an indirect result of a favorable decision on his motion would be the suppression of evidence, as he sought return of all the seized materials, including all copies of electronic data. A favorable decision also would have implicated the viability of the charges in the indictment because those charges were grounded in the seized property. Accordingly, the order denying his motion for return of property is not sufficiently independent from the criminal matter to be immediately appealable. *See DiBella*, 369 U.S. at 131-32; *Korf*, 11 F.4th at 1245.

The parties suggest that *DiBella* governs the appealability of the entirety of the district court's order, but *DiBella* did not address an order denying a motion to unseal. We do not find any jurisdictional basis for an immediate appeal of that pretrial ruling,

| 4 | Opinion of the Court | 23-13649 |

including the collateral order doctrine. The Supreme Court has strictly interpreted the collateral-order exception to the final judgment rule in criminal cases, so far limiting its application to orders that have denied four types of pretrial motions: (1) motions to reduce bail; (2) motions to dismiss on double jeopardy grounds; (3) motions to dismiss under the Speech or Debate Clause; and (4) orders permitting involuntary medication to restore competence to stand trial. *Sell v. United States*, 539 U.S. 166, 176-77 (2003); *Flanagan v. United States*, 465 U.S. 259, 265-66 (1984); *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017). The denial of Burke's motion to unseal the search warrant affidavit does not qualify for immediate review under the collateral order doctrine. *See Will v. Hallock*, 546 U.S. 345, 350 (2006) ("And we have meant what we have said; although the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership."); *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989).

Accordingly, Burke's appeal is DISMISSED for lack of jurisdiction.